In re Complaint as to the Conduct of

JOHN W. EADS, JR.,
*Accused.*

(OSB 82-48, SC S31285)

698 P2d 486

Steven A. Zamsky, Klamath Falls, filed a petition for the Oregon State Bar.

Stuart E. Foster, Foster & Purdy, Medford, argued the cause and filed a brief for the accused.

PER CURIAM

**PER CURIAM**

A former client of the accused complained to the Oregon State Bar that the accused had undertaken to represent him concerning a claim against a person who had allegedly defrauded the client. The client complained that the accused did virtually nothing to press the claim during a period of about two years and that the accused had misrepresented to the client that the accused was making progress in pressing the claim and had prepared a complaint against the person. The client further complained that the accused had failed to advise him of the relevant period of limitations for commencing the action against the person and that the period ran while the accused was handling the matter.

The Oregon State Bar filed its complaint in this proceeding on the basis of the client's allegations and charged that the accused had violated DR 1-102(A)(4), which provides that a lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation. The complaint further charged violation of DR 6-101(A)(3), which provides that a lawyer shall not neglect a legal matter entrusted to him. The complaint still further charged a violation of DR 7-101(A)(2), which provides that a lawyer shall not intentionally fail to carry out a contract of employment for professional services.

The accused filed an answer admitting that he had agreed to represent the complainant on a legal matter but denied that the matter was a claim against the person specified in the complaint and denied that he had been guilty of any unethical conduct with respect to his representation of the complainant.

When the matter came on before the Trial Board, the counsel for the Bar withdrew the allegation that the statute of limitations had run as a result of the accused's alleged neglect of the matter and withdrew the allegation that the accused had violated DR 7-101(A)(2). The Bar also abandoned the charge that the accused had violated DR 1-102(A)(4) by falsely representing that a complaint had been prepared. That abandonment was because the complainant "at the hearing changed his testimony to be that the complaint was going to be prepared."

The matter was presented to the Trial Board as a

charge that the accused had neglected the legal matter entrusted by the complainant to the accused and had misrepresented that he was making progress. The resolution of that issue depended on whether it was the complainant or the accused who was correctly remembering and accurately reporting the events that happened during the two-year period of the lawyer-client relationship. The Trial Board found the complainant "not worthy of belief in any particular in which his testimony was contradicted" and recommended that the complaint be dismissed.

The Disciplinary Review Board agreed with the Trial Board that "the Bar's case was not adequate to establish any ethical violation by the" accused and recommended that the complaint be dismissed.

We are required to try this cause anew upon the record. Our review of the transcript and the exhibits introduced by the Bar causes us to arrive at findings and a conclusion that the accused is not guilty.

We award judgment in favor of the accused and against the Oregon State Bar for the accused's actual and necessary costs and disbursements incurred.